[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR DISQUALIFICATION
CT Page 10666
Defendant John C. Ryan ("Ryan") has moved for the disqualification of counsel for the plaintiff, New England Dairies, Inc. ("NED"). New England Dairies is represented by Edwards Angell, LLP. The lawsuit concerns NED's claim that Ryan, a former employee, wrongfully took confidential pricing and customer information with him when he resigned. Ryan subsequently went to work for H.P. Hood, Inc., a competitor of NED. The lawsuit claims that Ryan is using confidential information to benefit H.P. Hood, Inc., to the competitive disadvantage of NED.
Gerald P. Hendrick, Esq., a member of the Edwards Angell law firm, is a former general counsel for H.P. Hood, Inc. Ryan claims that Hendrick's former attorney-client relationship with H.P. Hood, Inc., should work a disqualification of him and his firm from representing NED in this case.
A prerequisite to disqualification of counsel is the requirement that an attorney-client relationship existed between the party moving for disqualification and the lawyer in question.Goldenberg v. Corporate Air, Inc., 189 Conn. 504, 508 (1983). In this case, that means an attorney-client relationship between Ryan and Attorney Hendrick. State v. Jones, 180 Conn. 443,449-450 (1980). Such a relationship must be proven to show that the attorney was in a position in which he could have received information which his former client might reasonably have assumed would be withheld from his present client. Id.
In the present case, Ryan does not claim to have had an attorney-client relationship with Attorney Hendrick, but rather claims that Attorney Hendrick's relationship with H.D. Hood, Inc., necessitates disqualification. Attorney Hendrick's former relationship with H.D. Hood, Inc., ended over thirteen years ago and is too attenuated to mandate his disqualification in this lawsuit against Ryan.
Since Ryan has not established an attorney-client relationship with Attorney Hendrick, the motion for disqualification must be denied.
So Ordered at Hartford, Connecticut this 7th day of August, 1998.
Devlin, J.
CT Page 10667
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 10667-a